RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Nisha_Brooks-Whittington@fd.org

Attorney for Henry Amarillas

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-S-99-331-PMP-RJJ |
| Respondent/Plaintiff, | **ABRIDGED MOTION TO VACATE, SET ASIDE, OR CORRECT CRIMINAL CONVICTIONS AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| v. | |
| HENRY AMARILLAS, | |
| Petitioner/Defendant. | |

Petitioner/Defendant, HENRY AMARILLAS ("Mr. Amarillas"), through undersigned counsel, Rene L. Valladares, Federal Public Defender, and Nisha Brooks-Whittington, Assistant Federal Public Defender, hereby files an abridged motion to vacate, set aside, or correct criminal convictions and sentence pursuant to 28 U.S.C. § 2255 ("Abridged Motion to Vacate") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Pursuant to the First Amended General Order dated April 27, 2016, Mr. Amarillas files the instant abridged motion to vacate to comply with the statute of limitations in 28 U.S.C. § 2255(f) and will file a supplemental motion fully briefing the issues presented in the Abridged Motion to Vacate no later than December 26, 2016.  *See* First Amended General Order 2015-03 (D. Nev. Apr. 27, 2016).  Mr. Amarillas further waives any time limitation that appears to

be imposed under Rule 4(b) of the Rules Governing Section 2255 Proceedings to the extent that the "judge who receives the motion must promptly examine it."   Mr. Amarillas also acknowledges that the delay in setting forth a briefing schedule until *after* his supplemental motion is filed results from his request to allow undersigned counsel additional time to fully brief his *Johnson* claim in order to file a supplemental motion.

DATED this 20th day of June, 2016.

RENE L. VALLADARES
Federal Public Defender

By:   */s/ Nisha Brooks-Whittington*
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender

## ISSUE

On March 16, 2000, Mr. Amarillas was convicted of one count of use of a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Nine). Specifically, the count alleged that the underlying "crime of violence" for the § 924(c) charge was interference with commerce by robbery under 18 U.S.C. § 1951 (Count Eight). However, in light of the Supreme Court's recent decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), Mr. Amarillas's 924(c) conviction categorically fails to qualify as a "crime of violence." Therefore, Mr. Amarillas is now innocent of the § 924(c) offense, and his conviction is void.

In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the residual clause. The § 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as void for vagueness. It follows that the § 924(c) residual clause[1] is likewise unconstitutionally vague. Hence interference with commerce by robbery under 18 U.S.C. § 1951 cannot qualify as a "crime of violence" under the § 924(c) residual clause. Likewise, interference with commerce by robbery under 18 U.S.C. § 1951 categorically fails to qualify as a "crime of violence" under the

---

[1] Under § 924(c)(3), "crime of violence" is defined as follows:

> (3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
>
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another [known as the force clause], or
>
> (B) that by its nature, involves a substantial risk that physical against the person or property of another may be used in the course of committing the offense [known as residual clause.]

3

remaining § 924(c) force clause.  Therefore, the "crime of violence" element of § 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

As a result, Mr. Amarillas's § 924(c) conviction 1) violates due process, 2) violates the laws of the United States and results in a fundamental miscarriage of justice, and 3) was entered in excess of this Court's jurisdiction.  Therefore, he is entitled to relief under 28 U.S.C. § 2255(a).

Mr. Amarillas's motion is timely under 28 U.S.C. § 2255(f)(3) because it is filed within one year of the Supreme Court's decision in *Johnson* which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."  Therefore, Mr. Amarillas respectfully requests that this Court grant his § 2255 motion and vacate his conviction.

Due to time constraints, counsel cannot at this time fully brief the issues presented in this petition.  Therefore, pursuant to the First Amended General Order 2015-03, Mr. Amarillas files this Abridged Motion to Vacate and agrees to file a timely supplement no later than December 26, 2016.  *See* First Amended General Order 2015-03 (D. Nev. Apr. 27, 2016).

DATED this 20th day of June, 2016.

Respectfully submitted,
RENE L. VALLADARES
Federal Public Defender

By:  */s/ Nisha Brooks-Whittington*

NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender

## ORDER

DATE: June 30, 2016.          IT IS SO ORDERED.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

4

1

## CERTIFICATE OF ELECTRONIC SERVICE

2

The undersigned hereby certifies that she is an employee of the Federal Public Defender

3

for the District of Nevada and is a person of such age and discretion as to be competent to serve

4

papers.

5

That on June 20, 2016, she served an electronic copy of the above and foregoing

6

**ABRIDGED MOTION TO VACATE, SET ASIDE, OR CORRECT CRIMINAL**

7

**CONVICTIONS AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** by electronic service

8

(ECF) to the person named below:

9

10

DANIEL G. BOGDEN
United States Attorney
501 Las Vegas Blvd. South
Suite 1100
Las Vegas, NV 89101

11

12

13

*/s/ Karen Meyer*
Employee of the Federal Public Defender

14

15

16

17

18

19

20

21

22

23

24

25

26