UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY AMARILLAS,<br><br>Defendant. | Case No. 2:99-cr-0331-RFB<br><br>**ORDER**<br><br>**On Motion to Vacate** |

On December 13, 2016, Amarillas filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF. No. 48. In his motion, Amarillas contends that he is entitled to resentencing in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, he contends (1) that Johnson's holding—that the ACCA's residual clause is unconstitutionally vague—also invalidates the residual clause in 18 U.S.C. § 924(c); (2) that Johnson's invalidation of the residual clause in 18 U.S.C. § 924(c) is retroactively applicable to cases on collateral review; (3) that the Hobbs Act robbery conviction which served as a predicate for his § 924(c) conviction does not qualify as a "crime of violence," and thus (4) his sentence "violates due process of law" and his 924(c) conviction and sentence must be vacated.

The Court is unpersuaded by Amarillas' argument. The Court finds the reasoning and holding of the Ninth Circuit in United States v. Howard, 650 Fed. App'x. 466, 468 (9th Cir. 2016) (unpublished) to be applicable to this case. In Howard, the Ninth Circuit rejected the very argument being raised here and held that a Hobbes Act robbery conviction does qualify as a crime of violence under § 924(c). Id; see also United States v. Hill, 832 F.3d 135, 144 (2d Cir. 2016) ("In sum, we agree with the Ninth Circuit… that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"

(citing <u>Howard</u>)). While not binding precedent, <u>Howard</u> is persuasive authority and the Court adopts its reasoning. Based upon the adoption of this reasoning and holding, the Court rejects Mr. Amarillas' Motion.

**IT IS THEREFORE ORDERED** that the Motion to Vacate (ECF No. 48) is DENIED.

DATED this <u>4th</u> day of June, 2018.



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE